UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OSCAR HALL, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:22-CV-674-DRL-MGG |

OPINION AND ORDER

Oscar Hall, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-11-157) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of 180 days earned credit time and a demotion in credit class.

The conduct report charged Mr. Hall with possessing a cellphone based on the following facts:

> On the above date of 11/19/2021, I, Sgt. D. Wolford, was conducting a shakedown in IN-117 that was housed by [Hall]. When I came up to the offender's cell, he had headphones in his ears and was on a call. I asked [Hall] to unplug the headphones and end the call. Once he unplugged the headphones, I noticed he had a black cell phone on his bed that he was making a call with. I advised [Hall] to hand me the item in which he complied after hanging up and shutting the phone off.

ECF 8-1 at 1. As of the date of the hearing on January 7, 2022, the administrative record also included a photograph of the cellphone, a video recording of the hallway where the search took place, a video recording summary, and the written statements of three

correctional officers, Officer Wheeler, Officer Taiwo, and Officer Benjamin, who were present during the search to varying degrees. ECF 8-1 at 2; ECF 8-7; ECF 8-8; ECF 11. The hearing officer found Mr. Hall guilty as charged based on this evidence. ECF 8-6.

Mr. Hall argues that he is entitled to habeas relief because correctional staff denied his requests to present evidence. Specifically, he contends that he requested statements from Officer Taiwo and Officer Benjamin and video recording evidence but was denied. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The administrative record includes statements from Officer Taiwo and Officer Benjamin and video recording evidence. It appears that Mr. Hall's concern is that these evidentiary requests were initially denied and that additional effort was required before correctional staff provided the evidence. Though Mr. Hall's frustration is understandable, the court cannot find that correctional staff denied him the opportunity to present evidence given the availability of his requested evidence at the hearing. Therefore, the claim that the hearing officer did not allow him to present evidence is not a basis for habeas relief.

Mr. Hall argues that he is entitled to habeas relief because the conduct report prepared by Sergeant Wolford was false as he implied that he alone searched Mr. Hall's

2

cell and as he declined to list witnesses. He further contends that the written statement prepared by Officer Benjamin that he was not present and did not see anything was false and contradicted by the video recording.

"The Supreme Court has clearly established that a prosecutor's knowing use of perjured testimony violates the Due Process Clause." *Schaff v. Snyder*, 190 F.3d 513, 530 (7th Cir. 1999). "When the defendant argues that the government allegedly used perjured testimony, to warrant setting the verdict aside and ordering a new trial, the defendant must establish that: (1) the prosecution's case included perjured testimony; (2) the prosecution knew or should have known of the perjury; and (3) there is a reasonable likelihood that the false testimony could have affected the judgment of the jury." *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001).

The court cannot characterize Sergeant Wolford's conduct report as false. To Mr. Hall's point, a reader may have reasonably assumed that Sergeant Wolford conducted the search alone based on the absence of references to any other correctional staff, but Sergeant Wolford makes no affirmative statements to this effect. Mr. Hall also contends that Sergeant Wolford's notation of "NA" when asked to list witnesses on the conduct report is false, but this vague notation is not equivalent to an affirmative statement that there were no witnesses to the incident described in the conduct report.

Next, in his written statement, Officer Benjamin represented, "I, Officer Benjamin, was off unit at the time and did not witness anything." The video recording indicates that the search of Mr. Hall's began at 2:27 p.m. and that Mr. Hall was not allowed to return to his cell until 3:14 p.m. It further indicates that Officer Benjamin appeared on camera for

the first time at 3:03 p.m. as he walked down the range, met Officer Taiwo outside Mr. Hall's cell, and walked off the range with Officer Taiwo less than one minute later. In other words, the video recording reflects that Officer Benjamin was on the range for less than one minute during the nearly 45-minute search of Mr. Hall's cell. Though Officer Benjamin's statement may not have been strictly true, it is unclear how it amounts to a material misstatement, and there is no indication that it was deliberately false. Moreover, neither of Sergeant Wolford's nor Officer Benjamin's statements were made under oath. Therefore, the argument that correctional staff made false statements is not a basis for habeas relief.

Mr. Hall argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by initially denying his requests for Officer Benjamin and Officer Taiwo as witnesses and by finding him guilty. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker. *Id.* There is no indication that the hearing officer was involved in the underlying incident. Further, adverse rulings alone, whether on evidentiary requests or on the determination of guilt, are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). Moreover, the record reflects that Mr. Hall was able to present the evidence he requested and that the hearing

4

officer relied on her assessment of the evidence in reaching the determination of guilt. ECF 8-6. As a result, the claim of improper bias is not a basis for habeas relief.

Mr. Hall argues that he is entitled to habeas relief because correctional staff did not notify him of the hearing date within twenty-four hours of the disciplinary hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). This notice must be given no less than 24 hours before the hearing. *Id.* On November 30, 2021, Mr. Hall received the conduct report, which charged him with possession of a cellphone and provided supporting facts. ECF 8-1. The disciplinary hearing took place more than one month later on January 7, 2022. ECF 8-6. Because Mr. Hall received adequate notice of the charges at least 24 hours before the hearing, the claim of inadequate notice is not a basis for habeas relief.

Mc. Hall argues that he is entitled to habeas relief because the appeals review officer ignored his efforts to submit an administrative appeal. An administrative appeal process is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. Appx. 531, 532 (7th Cir. 2008) (finding that

USDC IN/ND case 3:22-cv-00674-DRL-MGG   document 17   filed 01/11/23   page 6 of 6

inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Mr. Hall also argues that he was improperly terminated from his employment as a result of the disciplinary hearing and that correctional staff who served as witnesses and the screening officer should be subject to discipline for how they handled his disciplinary case. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Because these arguments do not relate to the fact or duration of his sentence, the court cannot grant him habeas relief on this basis.

If Mr. Hall wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Oscar W. Hall leave to appeal *in forma pauperis*.

SO ORDERED.

January 11, 2023                                         *s/ Damon R. Leichty*
                                                          Judge, United States District Court

6